IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

GREGORY McKINNEY,

    Plaintiff,

vs.

DEPT. OF CORRECTIONS et al.,

    Defendants.
_____/

CV F 04 6030 OWW   WMW   P

ORDER RE MOTION (DOC 8)

    Plaintiff is a state prisoner proceeding pro se in a civil rights action pursuant to 42 U.S.C. § 1983.   Pending before the court is Plaintiff's motion for reconsideration by the District Court of the March 31, 2005, order by the Magistrate Judge dismissing the complaint with leave to amend.

    When filing a motion for reconsideration of the Magistrate Judge's ruling, Local Rule 78-230(k) requires a party to show the "new or different facts or circumstances claimed to exist which did not exist or were not shown upon such prior motion, or what other grounds exist for the motion." The court reviews a motion to reconsider a Magistrate Judge's ruling under the "clearly erroneous or contrary to law" standard." 28 U.S.C. § 636(B)(1)(A); Fed.R.Civ.P. 72(a); United States v. Raddatz, 447 U.S. 667, 673 (1980); Bhan v. NME Hosp., Inc., 929 F.2d 1404, 1414 (9th Cir. 1991)

1  In the March 31, 2005, order, the Magistrate Judge identified the deficiencies in the complaint.  Specifically, the court found that Plaintiff had failed to allege facts sufficient to state a claim for relief.  The complaint was dismissed, and Plaintiff was granted leave to file a first amended complaint that cured the defects identified in the first amended complaint.

On April 27, 2005, Plaintiff filed a motion for reconsideration of the March 31, 2005, order dismissing the complaint.  The March 31, 2005, order is not a final order - Plaintiff was granted leave to file an amended complaint.  Plaintiff has the opportunity to allege additional facts in a first amended complaint.  Failure to do so would result in a recommendation of dismissal, to which Plaintiff could file objections.

Because the ruling at issue is not a final order, the motion for reconsideration is governed by Local Rule 78-230(k).  The court finds that plaintiff's motion fails to meet the standard set forth above.  The ruling by the Magistrate Judge is no clearly erroneous or contrary to law.  As to any new facts or circumstances, the basis of the dismissal of the complaint was Plaintiff's failure to allege facts sufficient to state a claim for relief.  Plaintiff has the opportunity to allege new facts in an amended complaint.

Accordingly, IT IS HEREBY ORDERED that plaintiff's motion for reconsideration of the March 31, 2005, order dismissing the first amended complaint is denied.  This matter is referred to the Magistrate Judge for further proceedings.

IT IS SO ORDERED.

**Dated:   May 6, 2005**           **/s/ Oliver W. Wanger**
emm0d6                                      UNITED STATES DISTRICT JUDGE