IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

GREGORY MCKINNEY,

      Plaintiff,                                 CV F 04 6030 OWW WMW P

  vs.                                           <u>ORDER</u>

CDC, et al.,

      Defendants.

      Plaintiff is a state prisoner proceeding pro se. Plaintiff seeks relief pursuant to 42 U.S.C. § 1983. This proceeding was referred to this court by Local Rule 72-302 pursuant to 28 U.S.C. § 636(b)(1).

      This action proceeds on the March 8, 2006, second amended complaint. The original complaint was dismissed with leave to amend. Plaintiff filed a first amended complaint, and was granted leave to file a second amended complaint. Plaintiff, an inmate in the custody of the California Department of Corrections at CCI Tehachapi, brings this civil rights action against defendant correctional officials employed by the Department of Corrections at CCI Tehachapi. Plaintiff names the following individual defendants: Correctional Counselor T. Casey; and Correctional Counselor S. Buentiempo.

      Plaintiff sets forth two claims. Plaintiff claims that he is being denied the amount of outdoor exercise prescribed by prison regulations and that he his request for transfer to

another prison has been denied.

In the order dismissing the original complaint, plaintiff was advised of the following. To warrant relief under the Civil Rights Act, a plaintiff must allege and show that defendant's acts or omissions caused the deprivation of his constitutionally protected rights. Leer v. Murphy, 844 F.2d 628, 633 (9th Cir. 1993). In order to state a claim under § 1983, a plaintiff must allege that: (1) a person was acting under color of state law at the time the complained of act was committed; and (2) that person's conduct deprived plaintiff of rights, privileges or immunities secured by the Constitution or laws of the United States. Paratt v.Taylor, 451 U.S. 527, 535 (1981).

Plaintiff alleges that "he has not been afforded his 10 hours of yard per week as rules stated in the Title 15 since he was been interview by institution classification committee." As noted above, the Civil Rights Act protects constitutional interests. A violation or prison policy does not, of itself, give rise to a constitutional claim. Exercise has been determined to be one of the basic necessities protected by the Eighth Amendment. LeMaire v. Maas, 12 F.3d 1444, 1457 (9th Cir. 1993). The long-term denial of outside exercise is unconstitutional. Spain v. Procunier, 600 F.2d 189 (9th Cir. 1979). However, a temporary denial of outdoor exercise with no medical effects is not a substantial deprivation. May v. Baldwin, 109 F.3d 557, 565 (9th Cir. 1997)(citing LeMaire, 12 F.3d at 1457). An inquiry regarding the constitutional adequacy of exercise must proceed from the individual facts of each case. Toussaint v. Yockey, 722 F.2d 1490 (9th Cir. 1984).

Here, plaintiff has not alleged how much exercise he has been allowed. There are no allegations that suggest a total deprivation, just an allegation that he is not getting ten hours per week. Such an allegation, with nothing more, fails to state a claim for relief.

As to plaintiff's claim regarding his request for transfer, Prisoners have no liberty interest in being housed at a particular institution. See Olim v. Wakinekona, 461 U.S. 238, 245

(1983); Meachum v. Fano, 427 U.S. 215, 225-27 (1976); United States v. Brown, 59 F.3d 102, 105 (9th Cir. 1991)(per curiam); Johnson v. Moore, 948 F.2d 517, 519 (9th Cir. 1991)(per curiam); Coakley v. Murphy, 884 F.2d 1218, 1221 (9th Cir. 1989).

   Plaintiff alleges that a failure to transfer him places him in danger. Plaintiff does not, however, allege with any particularity what that danger is. Specifically, plaintiff must allege facts indicating that a named defendant knew of and disregarded a serious risk to plaintiff's safety. Farmer v. Brennan, 511 U.S. 825, 834 (1994). A generalized fear is insufficient to state a claim for relief.

   In the order dismissing the first amended complaint, the court noted that the allegations in plaintiff's complaint were conclusory and vague. In the second amended complaint, plaintiff fails to cure the noted defects. Plaintiff does not offer further factual specificity. Plaintiff offers various legal arguments, but fails to allege facts sufficient to state a claim for relief. Plaintiff is advised that the complaint does not fail for want of any legal reasoning. Plaintiff does not allege facts that indicate he was subjected to a deprivation that constitutes a violation of the Eighth Amendment. The second amended complaint must therefore be dismissed. Plaintiff will, however, be granted leave to file a third amended complaint.

   If plaintiff chooses to amend the complaint, plaintiff must demonstrate how the conditions complained of have resulted in a deprivation of plaintiff's constitutional rights. See Ellis v. Cassidy, 625 F.2d 227 (9th Cir. 1980). Also, the complaint must allege in specific terms how each named defendant is involved. There can be no liability under 42 U.S.C. § 1983 unless there is some affirmative link or connection between a defendant's actions and the claimed deprivation. Rizzo v. Goode, 423 U.S. 362 (1976); May v. Enomoto, 633 F.2d 164, 167 (9th Cir. 1980); Johnson v. Duffy, 588 F.2d 740, 743 (9th Cir. 1978).

   In addition, plaintiff is informed that the court cannot refer to a prior pleading in

1  order to make plaintiff's amended complaint complete.  Local Rule 15-220 requires that an
2  amended complaint be complete in itself without reference to any prior pleading.  This is
3  because, as a general rule, an amended complaint supersedes the original complaint.  See <u>Loux</u>
4  <u>v. Rhay</u>, 375 F.2d 55, 57 (9th Cir. 1967).  Once plaintiff files an amended complaint, the original
5  pleading no longer serves any function in the case.  Therefore, in an amended complaint, as in an
6  original complaint, each claim and the involvement of each defendant must be sufficiently
7  alleged.
8          In accordance with the above, IT IS HEREBY ORDERED that:
9          1.  Plaintiff's March 8, 2006, second amended complaint is dismissed; and
10         2.  Plaintiff is granted thirty days from the date of service of this order to file a
11 third amended complaint that complies with the requirements of the Civil Rights Act, the Federal
12 Rules of Civil Procedure, and the Local Rules of Practice; the amended complaint must bear the
13 docket number assigned this case and must be labeled "Third Amended Complaint."  Failure to
14 file an amended complaint in accordance with this order will result in a recommendation that this
15 action be dismissed.
16 IT IS SO ORDERED.

17 **Dated:   March 10, 2006**              **/s/  William M. Wunderlich**
   mmkd34                                   UNITED STATES MAGISTRATE JUDGE