IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

GREGORY MCKINNEY,

        Plaintiff,                CV F 04 6030 OWW WMW P

        vs.                          **ORDER DIRECTING PLAINTIFF TO COMPLETE AND SUBMIT USM 285 FORMS FOR SERVICE OF PROCESS**

CDC, et al.,

        Defendants.

        Plaintiff is a state prisoner proceeding pro se. Plaintiff seeks relief pursuant to 42 U.S.C. § 1983. This proceeding was referred to this court by Local Rule 72-302 pursuant to 28 U.S.C. § 636(b)(1).

        This action proceeds on the July 17, 2007, fourth amended complaint filed in response to an order dismissing the third amended complaint. That order found that the third complaint failed to state a claim for relief, and granted Plaintiff leave to file a fourth amended complaint that corrects the deficiencies noted in the order dismissing the third amended complaint.

        The order dismissing the third amended complaint noted the following. Plaintiff, an inmate in the custody of the California

1

Department of Corrections at CCI Tehachapi, brings this civil rights action against defendant correctional officials employed by the Department of Corrections at CCI Tehachapi. Plaintiff names the following individual defendants: Correctional Counselor T. Casey; and Correctional Counselor S. Buentiempo.

Plaintiff sets forth two claims. Plaintiff claims that he is being denied the amount of outdoor exercise prescribed by prison regulations and that he his request for transfer to another prison has been denied.

In the order dismissing the original complaint, plaintiff was advised of the following. To warrant relief under the Civil Rights Act, a plaintiff must allege and show that defendant's acts or omissions caused the deprivation of his constitutionally protected rights. <u>Leer v. Murphy</u>, 844 F.2d 628, 633 (9th Cir. 1993). In order to state a claim under § 1983, a plaintiff must allege that: (1) a person was acting under color of state law at the time the complained of act was committed; and (2) that person's conduct deprived plaintiff of rights, privileges or immunities secured by the Constitution or laws of the United States. <u>Paratt v.Taylor</u>, 451 U.S. 527, 535 (1981).

Plaintiff alleges that "he has not been afforded his 10 hours of yard per week as rules stated in the Title 15 since he was been interview by institution classification committee." As noted above, the Civil Rights Act protects constitutional interests. A violation or prison policy does not, of itself, give rise to a constitutional claim. Exercise has been determined to be one of the basic necessities protected by the Eighth

1  Amendment. <u>LeMaire v. Maas</u>, 12 F.3d 1444, 1457 (9th Cir. 1993). The long-
2  term denial of outside exercise is unconstitutional. <u>Spain v. Procunier</u>,
3  600 F.2d 189 (9th Cir. 1979).   However, a temporary denial of outdoor
4  exercise with no medical effects is not a substantial deprivation. <u>May v.
5  Baldwin</u>, 109 F.3d 557, 565 (9th Cir. 1997)(citing <u>LeMaire</u>, 12 F.3d at 1457).
6  An inquiry regarding the constitutional adequacy of exercise must
7  proceed from the individual facts of each case. <u>Toussaint v. Yockey</u>, 722
8  F.2d 1490 (9th Cir. 1984).

9        In the third amended complaint plaintiff did not alleged how
10  much exercise he has been allowed. There were no allegations that
11  suggested a total deprivation, just an allegation that he was not getting
12  ten hours per week. Such an allegation, with nothing more, failed to
13  state a claim for relief.

14        In his fourth amended complaint, Plaintiff alleges that as to
15  his access to exercise and recreation, Defendants T. Casey and S.
16  Buentiempo intentionally caused him to "continue suffer unwant two and
17  half years confine to his prison cell at 4 building 5 C 207 low, thereby
18  violated 8th Amend." Liberally construed, Plaintiff alleges that he was
19  denied access to outdoor exercise for two and a half years.

20        Accordingly, it is HEREBY ORDERED that:
21    1.   Service is appropriate for the following defendants:
22        T. CASEY
23        S. BUENTIEMPO
24
25    2.   The Clerk of the Court shall send plaintiff two  USM-285
26

       forms, two summonses, a Notice of Submission of Documents form, an instruction sheet and a copy of the amended complaint filed July 11, 2007.

3. Within thirty (30) days from the date of this order, plaintiff shall complete the attached Notice of Submission of Documents and submit the completed Notice to the court with the following documents:

    a. Completed summons;

    b. One completed USM-285 form for each defendant listed above; and

    c. Three copies of the endorsed amended complaint filed July 11, 2007.

4. Plaintiff need not attempt service on defendants and need not request waiver of service.  Upon receipt of the above-described documents, the court will direct the United States Marshal to serve the above-named defendants pursuant to Federal Rule of Civil Procedure 4 without payment of costs.

5. <u>The failure to comply with this order will result in a recommendation that this action be dismissed</u>.

IT IS SO ORDERED.

**Dated:   August 10, 2007**              /s/  **William M. Wunderlich**
                                          UNITED STATES MAGISTRATE JUDGE