IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

GREGORY McKINNEY,

      Plaintiff,         1: 04 CV 6030 LJO WMW PC

  vs.                       ORDER RE MOTION (DOC 58)

T. CASEY, et al.,

      Defendants.

      Plaintiff is a state prisoner proceeding pro se and in forma pauperis in a civil rights action. Pending before the court is Plaintiff's motion to compel discovery. Defendants have opposed the motion.

      Plaintiff seeks an order compelling Defendants to "answer fully" interrogatories 6,7,8,9, and 13, attached to Plaintiff's motion. Defendants oppose the motion on the ground that they have responded to the interrogatories.

      With regard to interrogatories 6, 17 and 13, Defendants argue that the interrogatories at issue were predicated on whether Defendants submitted a request made in the request for admissions. Interrogatory 6 states: "If Request for Admission No. 6 is an admission, please identify who gave you this order [to violate Plaintiff's constitutional rights to receive adequate yard exercise.]" Both Defendants responded to Admission 6 by denying that they had violated

Plaintiff's constitutional rights. They therefore could not respond to the remainder of the related interrogatory.

In Interrogatory 7, Defendants similarly denied Plaintiff's Request for Admission. They therefore could not respond to Interrogatory 8.

Interrogatory 13 asks Defendants the following:

> If Request for Admission No. 12 is as an admission; please identify the person that cause plaintiff Gregory McKinney from not being able to receive ten (10) per week that is described by California Code of Regulations Title 15."

Defendants note that Plaintiff only propounded 8 Requests for Admissions. Because Defendants did not answer a Request for Admission 12, they could not identify what Plaintiff was referring to in this interrogatory, nor could they make any admission to Request for Admission 12. Without such an admission, Defendants could not respond to Interrogatory 13.

Regarding responses to interrogatories 7 and 9, Defendants argue that they provided complete responses to both interrogatories. In Interrogatory 7, Defendants referred Plaintiff to the appropriate code section of the California Code of Regulations. Defendants' Exhibit A includes Defendant Casey's Response to Plaintiff's First Request for Interrogatories. In Interrogatory 7, Plaintiff seeks the "procedure and/or rules guidelines for confine inmates held in the segregated security housing unit (SHU) with regards to the length time that is given to inmates per yard exercise." The court finds Defendant's response to be a complete answer.

Plaintiff's Interrogatory 9 follows: "If Request for Admission No. 8 is an admission please explain the reason why inmates were not receiving their ten (10) per week on exercise yard." The response indicated that "responding party was not responsible for providing outdoor exercise time for Plaintiff, and does not know whether Plaintiff received 10 hours of exercise time per week." Defendants argue that because they did not know how much exercise time Plaintiff received, they could not state why he or other prisoners received less than ten hours per

week.  The court finds that defendants' response to the question posed is complete and proper.

Accordingly, IT IS HEREBY ORDERED that:

1. Plaintiff's Motion to Compel Discovery is denied.

2. Defendants' motion to extend time to file dispositive motions is granted.  The dispositive motion filing deadline is December 5, 2008.

IT IS SO ORDERED.

**Dated:    November 6, 2008**                       **/s/  William M. Wunderlich**
                                                                    UNITED STATES MAGISTRATE JUDGE