**WO**

IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

|  |  |
|---|---|
| GREGORY MCKINNEY,          )<br>                                                    )<br>                  Plaintiff,           )<br>                                                    )<br>v.                                              )<br>                                                    )<br>T. CASEY, et. al.                    )<br>                                                    )<br>                  Defendants.    )<br>_____) | No. 1:04-CV-06030-SMM<br><br>**ORDER** |

Before the Court is Plaintiff's "Objection to the Magistrate Senior Judge Stephen M. McNamee's Orders (Docs 89 76) Pursuant to 28 U.S.C. § 636 (b)(1)(B)" (Doc. 91).

Plaintiff, a pro se prisoner, brought this civil rights action under 42 U.S.C. § 1983 against two correctional counselors employed by the Department of Corrections at CCI Tehachapi.  Plaintiff alleges that these correctional counselors violated his Eighth Amendment rights by denying him the amount of outdoor exercise time prescribed by prison regulations.  On July 29, 2004, Plaintiff filed his Complaint in the United States District Court in the Eastern District of California (Doc. 1, Pl.'s Compl.).  Plaintiff subsequently amended his Complaint four times, on June 21, 2005, March 8, 2006, December 12, 2006, and July 17, 2007, respectively, before service was effected  (Docs. 11, 18, 30, 37).  On November 25, 2008, the case was reassigned to the undersigned judge in the District of Arizona (Doc. 71).  On August 3, 2009, the Court granted Defendants' summary judgment motion and denied Plaintiff's opposition motion to Defendants' motion for summary judgment (Doc. 89).  Judgment was entered the same day (Doc. 90).

Plaintiff now objects to the Court's summary judgment ruling pursuant to 28 U.S.C. § 636(b)(1)(B). This provision of the United States Code allows a magistrate judge to

conduct evidentiary hearings and submit to a district court judge proposed finding of fact and recommendations for the disposition of excepted pretrial motions. 28 U.S.C. § 636 (b)(1)(B). Under Local Rule 72-304(b), a party may file objections to such proposed findings of fact and/or recommendations within ten (10) court days after service of the magistrate judge's findings. L.R. 72-304(b). This process for filing objections does not apply to rulings by a district court judge. As the present case was reassigned to the undersigned district court judge on November 25, 2008, prior to the objectionable ruling, Plaintiff's objection is procedurally inappropriate and will be denied. Rather, the next step is for Plaintiff to pursue an appeal of the Court's ruling, and Plaintiff has already filed a Notice of Appeal (Doc. 93).

Despite Plaintiffs' failure to comply with the procedural rules, the Court now reviews the substance of Plaintiff's objection. Even construing Plaintiff's objection liberally as a motion for reconsideration, the Court finds that it lacks merit. Federal Rule of Civil Procedure 60 provides relief from a final judgment. Rule 60(b) permits reconsideration of a district court order based on: (1) mistake, inadvertence, surprise, or excusable neglect; (2) newly-discovered evidence which by due diligence could not have been discovered in time to move for a new trial under Rule 59; (3) fraud, misrepresentation, or misconduct by an adverse party; (4) the judgment is void; (5) the judgment has been satisfied, released, or discharged, or a prior judgment upon which it is based has been reversed or otherwise vacated, or it is no longer equitable that the judgment should have prospective application; or (6) any other reason justifying relief from the operation of the judgment. See Fed. R. Civ. P. 60(b)(1)-(b)(6).

Rule 60 reconsideration is generally appropriate in three instances: (1) when there has been an intervening change of controlling law; (2) new evidence has come to light; or (3) when necessary to correct a clear error or prevent manifest injustice. School District No. 1J v. ACandS, Inc., 5 F.3d 1255, 1262 (9th Cir. 1993). A Rule 60(b) motion must be brought within a "reasonable" time, which cannot be more than one year if the motion is based on mistake, newly-discovered evidence, or fraud. See Fed. R. Civ. P. 60(b).

1   Plaintiff's objection fails to establish any of the requisite conditions to grant relief
2   under Rule 60.  Plaintiff also does not identify any intervening change in law, new evidence,
3   or clear error or manifest injustice that may justify relief.  See ACandS, Inc., 5 F.3d at 1263
4   (setting forth grounds for reconsideration).  Plaintiff presents arguments regarding failure to
5   exhaust administrative remedies, which were not at issue in Defendants' summary judgment
6   motion.  Plaintiff also generally disagrees with the Court's ruling in favor of Defendants, and
7   asks the Court to rethink its analysis of his Eighth Amendment claims.  Mere disagreement
8   with an order is an insufficient basis for reconsideration. Leong v. Hilton Hotels Corp., 689
9   F.Supp. 1572, 1573 (D. Haw. 1988). Nor should reconsideration be used to make new
10  arguments or to ask the Court to rethink its analysis.  United States v. Rezzonico, 32
11  F.Supp.2d 1112, 1116 (D. Ariz. 1998); see also Marlyn Nutraceuticals, Inc. v. Mucos Pharma
12  GmbH & Co., 571 F.3d 873, 880 (9th Cir. 2009).

13  Furthermore, Plaintiff submits an additional exhibit, an Inmate/Parolee Appeal
14  Screening Form, with his objection.  However, Plaintiff fails to provide an explanation as to
15  why the evidence was not presented earlier or what relevance it has to his opposition to
16  summary judgment.  See ACandS, Inc., 5 F.3d at 1263 (holding that failure to file documents
17  with original motion does not turn them into newly discovered evidence); Marlyn
18  Nutraceuticals, 571 F.3d at 880 (holding motion for reconsideration "may not be used to raise
19  arguments or present evidence for the first time when they could reasonably have been raised
20  earlier in the litigation") (citation omitted).

21  Accordingly,

22  **IT IS HEREBY ORDERED** that Plaintiff's Objection (Doc. 91) is denied to the
23  extent that it seeks reconsideration of the district court's earlier ruling.

24  DATED this 19th day of October, 2009.

Stephen M. McNamee
United States District Judge

- 3 -